IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Deutsche Bank National Trust,               )          C/A No. 3:15-3775-JFA-PJG
                                            )
                   Plaintiff,               )
                                            )
v.                                          )          **REPORT AND RECOMMENDATION**
                                            )
James Bradley Bailey,                       )
                                            )
                   Defendant.               )
_____ )

James Bradley Bailey filed a notice of removal which purports to remove Civil Action No.

2013-CP-32-855 from the Lexington County Court of Common Pleas.  (ECF No. 1.)  This matter

is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

Plaintiff Deutsche Bank National Trust ("Deutsche Bank"), has filed a motion seeking remand of

this case to state court (ECF No. 7) and a motion to expedite Bailey's time for response to that

motion under Local Civil Rule 6.01 (D.S.C.) (ECF No. 8).[1]  Bailey filed a response in opposition.

(ECF No. 12.)  Having reviewed the pleadings in accordance with applicable law, the court

concludes that this case should be remanded *sua sponte* to the state court for lack of subject matter

jurisdiction.

I.    **Procedural Background**

Bailey purports to remove a state foreclosure action associated with property located at 201

Crowne Pointe Road, Lexington, South Carolina.  (ECF No. 1-2 at 1-3.)  The court observes that this

---

[1] The motions filed by the Deutsche Bank indicate that a foreclosure sale is scheduled for
the subject property on October 5, 2015.



is Bailey's second attempt to remove this state foreclosure action to this court.[2]  See Deutsche Bank

National Trust Company v. James Bradley Bailey, C/A No. 3:14-2008-JFA (D.S.C. Sept. 30, 2014)

(remanding the action to state court for lack of subject matter jurisdiction).  Bailey seeks a sixty-day

stay on further proceedings in the state foreclosure action and indicates that the instant removal is

"part of a Related Civil Case to be filed within the next fourteen court days which seeks to test the

Constitutionality of the current South Carolina statutory scheme governing foreclosure

proceedings."  (ECF No. 1 at 2.)  Thus, Bailey bases the removal of this case on federal question

jurisdiction.

## II.    Discussion

As an initial matter, when a case is removed on the basis of federal question jurisdiction, all

properly joined and served defendants "must join in or consent to the removal of the action."  28

U.S.C. § 1446(b)(2)(A).  While the Notice of Removal lists Bailey as the sole defendant in the

underlying state foreclosure action, the removed Complaint reflects several other defendants in that

case.  (ECF No. 1 at 1; ECF No. 1-2 at 1.)  However, Bailey provides no indication that the other

defendants in the state foreclosure action have consented to the removal of the case from state court.

Thus, Bailey has failed to comply with the provision of the removal statute requiring all defendants

to consent to removal of the action.  See Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203

(4th Cir. 2006) (holding that the failure of all defendants to join in the removal petition constituted

an error in the removal process); Wells Fargo Bank, N.A. v. Hunt, C/A No. 6:13-1333-MGL-KFM,

2013 WL 6383255, at *3 (D.S.C. Nov. 22, 2013) (order adopting and incorporating report and

recommendation for remand of foreclosure action due to lack of jurisdiction and because not all

---

[2] A district court may take judicial notice of materials in the court's own files.  See United
States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992); Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949).



defendants joined in the notice of removal). Moreover, as discussed below, the instant case would be subject to remand even if this statutory requirement were met.

Federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Generally, a case can be filed in federal district court if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331. The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court, if the state court action could have been originally filed there. See Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002). However, the removing defendant has the burden of establishing subject matter jurisdiction, Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994), and a district court may *sua sponte* remand a case to state court if federal jurisdiction is lacking. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

The United States Supreme Court has commanded that, when considering jurisdiction over a removed case, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) (internal quotation marks and citation omitted). In addition, "[r]emoval statutes must be strictly construed against removal," Scott v. Greiner, 858 F. Supp. 607, 610 (S.D. W. Va. 1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008); Mulcahey, 29 F.3d at 151 ("If federal jurisdiction is doubtful, a remand is necessary.").



It is well settled that a federal question must be presented on the face of a plaintiff's complaint to satisfy federal question jurisdiction.  Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004) (discussing the well-pleaded complaint rule).  Further, a plaintiff may avoid federal jurisdiction by exclusively relying on state law.  Caterpillar Inc. v. Williams, 482 U.S. 386 (1987). In the present case, Bailey seeks to remove a state law foreclosure action.  However, no federal jurisdiction exists over a complaint which "merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property."  Burbage v. Richburg, 417 F. Supp. 2d 746, 749 (D.S.C. 2006); see also Pettis v. Law Office of Hutchens, Senter, Kellam and Pettit, C/A No. 3:13-147-FDW, 2014 WL 526105, at *2 (W.D.N.C. Feb. 7, 2014) (collecting cases); Deutsche Bank Nat'l Trust Co. v. Lovett, C/A No. 3:12-1819-JFA, 2013 WL 528759, at *2 (D.S.C. Feb. 11, 2013) (adopting report and recommendation remanding foreclosure case to state court).  To the extent Bailey attempts to raise defenses to the foreclosure action based on a federal law in this case or in some case yet to be filed, such defenses do not establish jurisdiction.  See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804,  808 (1986); Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1275 (4th Cir. 1985) ("A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction.").  Because it is clear that removal of this case under federal question jurisdiction is improper, the matter should be remanded sua sponte to state court.  See Ellenburg, 519 F.3d at 196 ("In the case where remand is based on lack of subject matter jurisdiction, the remand order may be entered at any time, for jurisdiction goes to the very power of the court to act.").

III.    **Conclusion**

Accordingly, the court recommends that the district judge remand this matter to state court. In light of this recommendation, the court further recommends that the motion to remand and motion to expedite a response pursuant to Local Civil Rule 6.01 (D.S.C) filed by Deutsche Bank be terminated as moot.  (ECF Nos. 7 & 8.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 29, 2015
Columbia, South Carolina

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).